**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIRK DOUGLAS WILLIAMS, | No. 10-17587 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00878-LKK-GGH |
| v. | |
| T. FELKER; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted January 17, 2012**

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

California state prisoner Kirk Douglas Williams appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

access to courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and for an abuse of discretion the denial of leave to amend, *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). We affirm.

The district court properly dismissed Williams's action because he failed to allege an actual injury from defendants' enforcement of a regulation concerning the processing of inmates' non-emergency grievances. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (actual injury for access-to-courts claim requires showing that defendants hindered a non-frivolous legal claim); *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (even liberal interpretation of pro se complaint "may not supply [the] essential elements of the claim that were not initially pled").

The district court did not abuse its discretion in denying Williams further leave to amend his complaint because he failed to cure the deficiencies identified by the court despite multiple opportunities to do so. *See Chodos*, 292 F.3d at 1003 (discretion to deny leave to amend is particularly broad where plaintiff has had prior opportunities to amend).

Williams's remaining contentions are unpersuasive.

**AFFIRMED.**

2